IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § | |
| Plaintiff, | § § | |
| v. | § § | Criminal No. 4:22-cr-194-O |
| ALAN RAMOS, JR. (07), | § § § | |
| Defendant. | § | |

## ORDER

Before the Court is Defendant Alan Ramos, Jr.'s request for appointment of counsel to assist with his claims of ineffective assistance of trial counsel. ECF No. 325. After review, the Court finds that Defendant's request should be construed as a motion to vacate, set aside, or correct sentence filed pursuant to 28 U.S.C. § 2255.

On December 16, 2022, pursuant to his plea of guilty to the charge of Conspiracy to Possess with Intent to Distribute Cocaine, Defendant Ramos was sentenced to 240 months confinement to be followed by a three-year term of supervised release. *See* Judgment, ECF No. 217. He did not file a direct appeal.

In the instant motion, Ramos claims (1) that his trial attorney said he could get a deal for a five-year sentence, (2) that counsel failed to discuss the case with him and only sent an intern to visit him in pretrial detention, (3) that counsel failed to appear for hearings or sentencing and sent his intern instead, and (4) that counsel failed to file pretrial motions on his behalf. Ramos states that he felt like he was forced to enter a guilty plea due to counsel's ineffectiveness.

Ramos mentions 28 U.S.C. § 2255 in his request and "§ 2255 is the proper vehicle for challenging the validity of a conviction and sentence[.]" *Hooker v. Sivley*, 187 F.3d 680, 681 (5th Cir. 1999) (citing *United States v. Tubwell*, 37 F.3d 175, 177 (5th Cir. 1994)); *see also Cox v. Warden,*

*Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990) ("Relief under [§ 2255] is warranted for any error that 'occurred at or prior to sentencing.' ") (quoting *United States v. Flores*, 616 F.2d 840, 842 (5th Cir. 1980)). Based upon the grounds for relief presented, the instant request shall be construed as a motion filed under 28 U.S.C. § 2255.

Section 2255 provides four grounds that justify relief for federal prisoners who challenge the imposition or length of their sentence:

(1)     the sentence was imposed in violation of the Constitution or laws of the United States;

(2)     the court was without jurisdiction to impose such sentence;

(3)     the sentence was in excess of the maximum authorized by law; or,

(4)     the sentence is otherwise subject to collateral attack.

28 U.S.C. § 2255.

Although he's raised grounds for relief properly brought under § 2255, it's not clear that Ramos intends to proceed with a § 2255 motion at this time. Accordingly, the Court will give the warnings discussed by the United States Supreme Court in *Castro v. United States*, 540 U.S. 375 (2003). In *Castro*, the Supreme Court held that a district court should not recharacterize a *pro se* post-conviction motion as a first Section 2255 motion absent notice and warning to the Defendant as to the consequences of that recharacterization. *Castro*, 540 U.S. at 383.

Pursuant to *Castro*, Defendant Ramos is advised that, if he proceeds with this motion, any Section 2255 motion he files in the future will be subject to the restrictions imposed on second or successive motions. *See* 28 U.S.C. § 2244(b)(3)(A); *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000). Therefore, Court must give Defendant Ramos the opportunity to either (1) withdraw the motion or (2) amend the recharacterized motion so that the motion contains all grounds for relief that he believes he has available under § 2255.

For these reasons it is **ORDERED** that, by **April 23, 2026**, Defendant Ramos must either (1) withdraw the document that the Court has recharacterized as Section 2255 motion or (2) file an amended motion on the Court's Section 2255 form that includes all grounds for relief he believes are available to him. All Section 2255 movants must use the Court-approved form. Therefore, if the instant motion is not withdrawn, Ramos must file an amended motion on the Court's form even if he decides not to include new or additional grounds for relief.

The **Clerk of Court** is directed to open a new civil action (nature of suit code 510, motion to vacate, set aside, or correct sentence) and to follow standard case assignment and referral procedures for a Section 2255 motion. This order shall be docketed in the criminal case and in the civil case. A copy of Defendant's motion (ECF No. 325) shall be docketed in the civil case. The **Clerk of Court** shall update the docket entry at ECF No. 325 to reflect that this is a Section 2255 proceeding.

The **Clerk of Court** is directed to send a copy of this order to Defendant Ramos and to provide him with two Section 2255 forms with the new civil case number written on the front of each form. If Ramos elects to proceed under Section 2255, he must complete and return one form to the Court. He may complete and keep the second form for his records. Failure to comply with this order may result in dismissal of the motion without further notice.

**SO ORDERED** this **24th day** of **March 2026**.

Reed O'Connor
**CHIEF UNITED STATES DISTRICT JUDGE**